UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-543-VAP (KK) | Date | March 17, 2015 |
|---|---|---|---|
| Title | PEDRO CAMACHO-CORONA V. ANGEL ORTIZ, ET AL. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute and Comply With Court Orders

# I.
# PROCEDURAL HISTORY

On April 2, 2014, Plaintiff Pedro Camacho-Corona, proceeding *in forma pauperis* and *pro se*, filed a Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (ECF Docket No. ("Dkt.") 3). The Complaint asserts Eighth Amendment claims against six defendants: (1) Angel Ortiz, M.D.; (2) Salvador Villalon, M.D.; (3) Lilia Castillo; (4) Jacqueline Gepulle; (5) Norman Blier; and (6) Gloria Palispis. Compl. at at 3-4. All of the defendants are sued in their individual capacities. Id. On April 11, 2014, when ordering service of the Complaint, the Court issued an order advising Plaintiff he was required to file an opposition to any motions to dismiss or for summary judgment filed by the defendants. (Dkt. 8).

On November 20, 2014, defendants Castillo, Gepulle, Palispis, and Villalon filed a Motion to Dismiss. (Dkt. 24). Plaintiff has failed to file any Opposition to the Motion or request an extension of time in which to do so.

On November 20, 2014, defendant Blier filed a Motion for Summary Judgment or, in the alternative, to Dismiss. (Dkt. 25). Plaintiff has failed to file any Opposition to the Motion or request an extension of time in which to do so.

On January 12, 2015, defendant Ortiz filed a Motion to Dismiss. (Dkt. 36).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-543-VAP (KK) | Date | March 17, 2015 |
|---|---|---|---|
| Title | PEDRO CAMACHO-CORONA V. ANGEL ORTIZ, ET AL. | | |

Plaintiff has failed to file any Opposition to the Motion or request an extension of time in which to do so.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for lack of prosecution or for failure to comply with any court order. *See* Fed. R. Civ. P. 41(b). Citing Rule 41(b), district courts have often dismissed actions where a plaintiff fails to file an opposition to a defendant's motion to dismiss or a motion for summary judgment. *See, e.g.*, *Brandon v. Los Angeles Cnty. Sheriff Dep't*, No. CV 12-8288-JSL (E), 2013 WL 2423173 (C.D. Cal. June 3, 2013) (dismissal for failure to prosecute after plaintiff failed to file an opposition to defendant's motion to dismiss); *Parrish v. Traquina*, No. CIV S-05-190-LKK-KJM-P, 2008 WL 906367 (E.D. Cal. Mar. 31, 2008) (dismissal for failure to prosecute after plaintiff failed to file an opposition to defendants' motion for summary judgment); *Williams v. Woodford*, No. CIV S-06-0348 LKK-KJM-P, 2008 WL 73159 (E.D. Cal. Jan. 4, 2008) (dismissal for failure to prosecute after plaintiff failed to file an opposition to defendants' motion to dismiss for failure to exhaust administrative remedies).

Here, Plaintiff has failed to file an opposition to the three motions pending before the Court, thus, failing to comply with the Court's April 11, 2014 order. Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order. However, before dismissing this action, the Court will afford Plaintiff one final opportunity to explain his failure to respond to the three pending motions.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders. Plaintiff shall have up to and including **March 31, 2015** to respond to this Order. Plaintiff is cautioned that his failure to timely file a response to this Order will be deemed by the Court as consent to the dismissal of this action with prejudice.